# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

FREDRICK T. GOLDEN                                                                    PLAINTIFF

v.                                                                              No. 4:07CV117-P-A

CHRISTOPHER EPPS, ET AL.                                                           DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Fredrick Golden, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The defendant prison officials initially ruled that the plaintiff eligible for earned release supervision ("ERS") and had placed a tentative release date in the plaintiff's institutional record. One of the plaintiff's charges was, however, escape – a charge which precludes the plaintiff from consideration for early release. As such, the defendants removed the early release entry from the plaintiff's file. The plaintiff sought relief under the Administrative Remedy Program, claiming that he is entitled to a hearing prior to his removal from consideration for early release. His grievance was denied.

### *Earned Time*

The plaintiff contends that the defendants violated his constitutional rights by stripping him of earned time credits which count toward his early release from confinement. The Supreme

Court has held that § 1983 is an inappropriate vehicle for an inmate to seek recovery of lost earned time credits, *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), and it is likewise improper for an inmate to sue for damages under § 1983 where success on the merits of the inmate's claim would "necessarily imply" invalidity of confinement. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In both cases, the inmate's available remedy is to petition for a writ of *habeas corpus*. The Court subsequently has applied *Heck* to inmates challenging the loss of earned time credits through prison disciplinary proceedings resulting in a change of their sentences. *Edwards v. Balisok*, 520 U.S. 641 (1997). The rule which the Fifth Circuit Court of Appeals follows in determining whether a prisoner must first obtain *habeas corpus* relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a *habeas* judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)). Because the plaintiff, if successful in the instant case, would be entitled to accelerated release, he must first obtain *habeas corpus* relief before bringing suit pursuant to § 1983, and the instant case shall be dismissed for failure to state a claim under 28 U.S.C. 1915(e)(2)(B)(i). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of September, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE